STATE OF LOUISIANA          *          NO. 2019-K-0642

VERSUS                       *          COURT OF APPEAL

ROLAND BUTLER                *          FOURTH CIRCUIT

                             *          STATE OF LOUISIANA

                             *

                             *
                    * * * * * * *


**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent. Based on my review of the writ application in light of applicable jurisprudence, I would grant defendant's writ, reverse the trial court's ruling, and grant defendant's motion to suppress the single photographic identification of defendant by the victim.

In this case, defendant has been charged with the aggravated kidnapping and first degree rape of the victim in April 1996. Upon reporting the offense, a sexual assault kit was performed on the victim and a DNA sample was collected. During the course of the investigation in 1996, the victim gave a description of her attacker but stated that he was unknown to her. Also in 1996, the victim viewed a photographic line-up that included a photograph of defendant, but the victim was unable to make an identification.

Then, in March 2017, the New Orleans Police Department received a "CODIS hit", a notification of a DNA match from the victim's sexual assault kit to defendant. Based upon that DNA match, a NOPD Detective applied for a buccal swab search warrant for defendant. A confirmation DNA swab from defendant was obtained and processed by the State Police Crime Laboratory; the results confirmed a DNA match to the victim's sexual assault kit. At that point, in October 2018, Det. Richardson obtained a recent photograph of defendant; he

1

made phone contact with the victim, informed her that the case was still being investigated, and asked if she would be willing to look at a photograph. Subsequently, Det. Richardson emailed a photograph of defendant to the victim, "for the purposes of first, to see if she recognized the individual, and if she did not recognize the individual, to determine if she had consented to sexual intercourse with that individual at any time, just to determine if there was any reason why his DNA would be in her sexual assault kit." Det. Richardson also acknowledged that he sent a more recent photograph of defendant to the victim, rather than the photograph from the 1996 photographic line-up. According to Det. Richardson, the victim responded to his email and the photograph of defendant, stating that she immediately recognized defendant as the perpetrator of the 1996 sexual assault. Based upon the DNA match and the single photographic identification by the victim, Det. Richardson applied for an arrest warrant for defendant.

In moving to suppress the single photographic identification of defendant, defendant argues that the identification procedure was unduly suggestive. In denying the motion to suppress the identification, the trial court stated, "I do not find in any way that there was any suggestive conversation, innuendo, or anything of that sort that was included in any way between the contact that was had verbally or by e-mail between [Det. Richardson] … with the lady who is said to be the victim." Upon my review of defendant's motion to suppress and the trial court's ruling, and in light of applicable jurisprudence, I find the trial court abused its discretion in denying defendant's motion to suppress the single photographic identification. *See State v. Norah*, 12-1194, p. 12 (La. App. 4 Cir. 12/11/13), 131 So.3d 172, 183 ("We review a trial court's determination on the admissibility of an out-of-court identification and its subsequent denial of a motion to suppress for abuse-of-discretion.").

2

To suppress an out-of-court identification, a defendant must prove that the identification procedure was suggestive and that there was a substantial likelihood of misidentification. *State v. Stovall*, 07-0343, p. 16 (La. App. 4 Cir. 2/6/08), 977 So.2d 1074, 1084; *State v. Leger*, 05-0011, p. 59 (La. 7/10/06), 936 So.2d 108, 151, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279 (2007). In determining whether a suggestive identification may be found reliable or presents a substantial likelihood of misidentification, this Court discussed the five-factor test applied by courts as follows:

> Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony. *Manson v. Brathwaite*, 432 U.S. 98, 97 S. Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). Even a suggestive, out-of-court identification will be admissible if it is found reliable under the totality of the circumstances. *State v. Guy*, 95-0899 (La. App. 4 Cir. 1/31/96), 669 So.2d 517. If a suggestive identification procedure has been proved, a reviewing court must look to several factors to determine, from the totality of the circumstances, whether the suggestive identification presents a substantial likelihood of misidentification at trial. *State v. Martin*, 595 So.2d 592, 595 (La. 1992). The U.S. Supreme Court has set forth a five-factor test to determine whether a suggestive identification is reliable: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation. *Manson v. Brathwaite*, *Id.* The corrupting effect of the suggestive identification itself must be weighed against these factors. *Martin*, 595 So.2d at 595.

*State v. Holmes*, 05-1157, pp. 6-7 (La. App. 4 Cir. 5/10/06), 931 So.2d 1157, 1161.

In this case, the victim reported in 1996 that her attacker was unknown to her and she was unable to identify defendant in the photographic lineup presented to her at that time. In October 2018, Det. Richardson contacted the victim, informed her that the investigation was still open, and sent her only one photograph asking whether she knew him, thereby focusing the victim's attention solely on this one photograph of defendant. I find such a procedure to be unduly suggestive. However, I do not find enough facts and testimony present here to

3

apply the five-factor test to determine the likelihood of misidentification from the suggestive procedure. The State did not present any testimony regarding the victim's opportunity to view defendant at the time of the offense; her degree of attention in viewing him at the time of the offense; or whether the victim's description of her assailant closely matched the physical characteristics of defendant. Although Det. Richardson testified that the victim immediately responded that the photograph sent to her was her assailant, the photograph shown to her in 2018 was a recent photograph of defendant rather than a photograph taken at the time of the offense, twenty-two years earlier. In consideration of the foregoing, I find the corrupting effect of the suggestive single photograph identification procedure makes this out-of-court identification unreliable. Accordingly, I would grant defendant's writ and reverse the trial court's ruling on defendant's motion to suppress.